UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

WILLIAM KEITH DAFT,
  *Defendant-Appellant.*

No. 00-4373

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, District Judge.
(CR-99-25)

Submitted: December 15, 2000

Decided: January 29, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

Thomas G. Dyer, DYER LAW OFFICES, Clarksburg, West Virginia,
for Appellant. Zelda Elizabeth Wesley, OFFICE OF THE UNITED
STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William Keith Daft was convicted by a jury of aiding and abetting the interstate transportation of a stolen motor vehicle, in violation of 18 U.S.C. §§ 2 & 2313 (1994). He appeals his conviction and sentence. Daft's attorney on appeal has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), alleging that Daft's former attorney did not provide effective assistance at trial but stating that, in his view, there are no meritorious issues for appeal. Daft filed a pro se supplemental brief, also asserting that he was denied the effective assistance of trial counsel.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. We find that the record in the instant case does not conclusively establish that Daft's former counsel was ineffective. Therefore, we do not address this issue on direct appeal. Daft may assert his claim in a § 2255 habeas motion, if he so chooses.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Therefore, we dismiss this appeal. We deny counsel's motion to withdraw at this time. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*